# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS FLANAGAN, <br> a/k/a Nycere Bey, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 4:13CV2297 DDN |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis and submission of a civil complaint. The Court has reviewed plaintiff's financial information, and the Court will allow plaintiff to proceed without paying the filing fee. However, plaintiff's allegations are legally frivolous, and the Court will dismiss this action without further proceedings.

### Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S.

25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Discussion

Plaintiff, a self-described "sovereign" Moorish American, brings this action against the United States for alleged violations of the UCC with respect to a criminal action in which he pled guilty to falsely pretending to be a diplomatic consular. See United States v. Flanagan, 4:13CR123 RWS (E.D. Mo.). In his guilty plea agreement, plaintiff specifically stated that his plea was voluntary and that he was, in fact, guilty. Id. Plaintiff now claims the conviction violated his rights because he can call himself a diplomatic consular if he so chooses. Plaintiff's complaint is filled with nonsensical arguments relating to the UCC.

The complaint is legally frivolous because plaintiff's allegations are gibberish. Petitioner cannot unilaterally bestow sovereign or diplomatic immunity upon himself. See United States v. Lumumba, 741 F.2d 12, 15 (2d Cir. 1984). And the United States does not consider the Moorish nation to be sovereign. See Benton-El v. Odom,

2007 WL 1812615 *6 (M.D. Ga. June 19, 2007); <u>Osiris v. Brown</u>, 2004 WL 2044904 *2 (D.N.J. Aug. 24, 2005); <u>Khattab El v. United States Justice Dept.</u>, 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988). As a result, the Court will dismiss this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to refiling as fully-paid case.

A separate Order of Dismissal will be filed forthwith.

Dated this <u>5th</u> day of December, 2013.

                                                            STEPHEN N. LIMBAUGH, JR.
                                                            UNITED STATES DISTRICT JUDGE